

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00108-CV

## IN THE INTEREST OF C.P. AND B.P., CHILDREN

**From the 12th District Court
Madison County, Texas
Trial Court No. 18-15004**

## DISSENTING OPINION

I cannot join the Court in its disposition of this proceeding.  The appeal should never have been filed.[1]  But the trial court should never have entered the judgment that it did based on the record before it.  The record is filled with zero evidence to support the findings relating to the predicate grounds upon which it based the termination of Pursley's parental rights.  By zero evidence, I mean the traditional "no evidence" level of evidence, not the current iteration of "legally insufficient" evidence.  Moreover, if we

---

[1] This appeal was filed without consultation with the client; which unfortunately in termination of parental rights cases, is not all that uncommon.  The appointed lawyers either lose contact with their client or never even had contact with their client and do not know how to proceed.  More specifically they do not know how their client wants to proceed.  To protect themselves, as much as their client, they make an appearance and then engage in various levels of activity on behalf of their client.

were to conduct an *Anders* review of the record, we would have to abate it for the appointment of new counsel because there are numerous meritorious issues for presentation on appeal. But because of some procedural failures, the Court feels that it is in a position to dispose of this proceeding by dismissal for want of prosecution. I would not.

It is unclear if Pursley was ever properly served in this suit to terminate his parental rights. In the past, the Attorney General's office has been successful in finding Pursley to pursue enforcement of past due child support for other children, but for this suit, he was apparently served by posting a copy of the petition at the courthouse. I do not believe that complies with fundamental due process. He was appointed an attorney, not because he established his inability to pay, but because he could not be located. *See* TEX. R. CIV. P. 244. But because the rules and statutes are unclear about what the duties are of an attorney appointed to represent a defendant in this circumstance, where notice by publication is used, a vigorous defense was not made. At the final hearing, neither the trial court nor the appointed attorney put the State to its burden of proof to obtain a judgment supported by clear and convincing evidence that Pursley's parental rights should be terminated on ground, D, E, N, or O and a finding regarding the best interest of the child. The appointed attorney nevertheless, filed a notice of appeal.

However, rather than prosecute the appeal, the attorney filed both a motion for an extension of time to file a brief and a motion to withdraw with this Court. This Court

abated the proceeding to the trial court "to determine: (1) whether Joshua Pursley desires to continue the appeal; and (2) whether Joshua Pursley should be appointed new counsel on appeal." The trial court purported to grant the motion to withdraw but should not have. Once the appeal was perfected, the trial court did not have the authority to grant the motion, absent abatement for that purpose by this Court. As noted above, the abatement order was not for that purpose.

Although having exceeded the scope of the abatement hearing by purporting to allow counsel to withdraw, the trial court did make a determination on one of the issues we ordered. The trial court determined "that Joshua Pursley has no interest in proceeding with his appeal." This finding is interesting in that the record does not contain any indication that Pursley knew of the appeal or had notice of the abatement hearing to determine if he wanted to pursue the appeal. While there was some discussion of the minimal efforts made to notify Pursley of the abatement hearing, there is zero indication in the record that any notice was actually effectively delivered to Pursley. The trial court did not attempt to send notice directly to Pursley of the abatement hearing. While the Court recites in its May 21, 2019 notice addressed to Pursley a portion of the text message Pursley's attorney sent to the last cell phone number she had for him, and that is was that number that was provided to the clerk of the trial court at the abatement hearing and the number provided by Pursley's mother, the Court fails to note that when the clerk called that number during the hearing, she received a recording that the number was no longer

in service.  In addition, the notices from this Court that were sent to the address that was given and used for this Court to attempt to communicate directly with Pursley were returned with the notation "No Mail Receptacle."  And notices sent to the previous address given to, and used by, the Court to send notices directly to Pursley were returned with the notation "Attempted—Not Known; Unable to Forward."

So the bottom line here is that we have an appeal in which an attorney represents Pursley.  The attorney has not validly been allowed to withdraw from representing Pursley and has filed a motion for extension of time to file a brief.  I would grant that motion.  I would also deny the motion to withdraw.  Finally, I would order the attorney to make all reasonable efforts to find her client and find out if the client even wanted to file the appeal that was filed for the stated purpose "to protect the appellate interests" of her client.  In making the determination of whether Pursley wants to appeal, the attorney may be able to obtain an affidavit that the client would like to file a motion to dismiss; or not.

Do not misconstrue this dissenting opinion.  There is nothing in this record to indicate that Pursley wanted to appeal.  There is nothing in this record that indicates Pursley was seeking to avoid the termination of his parental rights. But the State initiated this legal action to terminate Pursley's parental rights.  Due process requires that the State be able to show that it has joined the issue with Pursley by proper service on him of the suit and proven its case by clear and convincing evidence.  Having failed to secure

personal service on Pursley, the State sought to move forward with posted service. The trial court appointed an attorney to protect Pursley's interest. The rules and the statutes are unclear regarding how far that appointed attorney must go to protect Pursley's interest but she was at the trial and thereafter filed a notice of appeal. It is either too late to quit or too early to quit but clearly it is now at a stage that she cannot just quit.

Much of our jurisprudence in termination cases is adapted from criminal jurisprudence because of the nature of the State's action and the rights of the defendant. In making that adaptation to this situation, I think it is appropriate to require (1) a motion to dismiss supported by a) the signature of the defendant, or b) an affidavit in support of the motion signed by the defendant, (2) a statement on the record made by the defendant of a desire to dismiss the appeal, or (3) a determination made on the record after a clear and specific showing that the defendant had actual notice and an opportunity to appear at the hearing (a present ability to attend if he wanted to) either in person or in writing, but failed to attend the hearing that would thus support a finding that he did not desire to pursue the appeal, before I could grant such a motion and dismiss an appeal. We have none of this in the record before this Court. Because we have none of these but nevertheless the Court dismisses this appeal, I respectfully dissent.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Dissenting Opinion delivered and filed July 24, 2019
[CV06]

